IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY EVELYN SMITH                                        PLAINTIFF

V.                          NO. 12-5216

CAROLYN W. COLVIN,[1]
Acting Commissioner of the Social Security Administration        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Mary Evelyn Smith, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C.§ 405(g).

I.      **Procedural Background:**

This case has a long history, and the most recent facts of this case are as follows: On September 18, 2005, Plaintiff filed applications for DIB and SSI benefits, alleging an inability to work since December 18, 2002,[2] due to "sclerosis right hip, fibromyalgia, Finkelsteins, Tinels, Phalens, Bilateral carpal tunnel, de Quervains tendinitis right wrist, degenerative disc disease C-4 C-5, fusion C5-6, cervical spinal stenosis, chondromalacia patella, arthritis multiple joints." (Tr.

---

[1]Carolyn W. Colvin, has been appointed to serve as acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

[2]Plaintiff amended the onset date at the hearing from December 14, 2001 to December 18, 2002. (Tr. 1091).

333-335, 347, 878).  Plaintiff's applications were denied initially and on reconsideration, and

Plaintiff requested an administrative hearing, which was held on June 15, 2007. (Tr. 899-951).

The ALJ denied Plaintiff's applications, Plaintiff requested a review of the decision, and the

Appeals Council denied the request on March 12, 2008. (Tr. 5-7).  Plaintiff filed a complaint in

the United States District Court for the Western District of Arkansas (5:08-5113), and on July

28, 2009, the Court remanded the case back to the agency for further administrative proceedings.

(Tr. 978-988). On October 20, 2010, the ALJ held an administrative hearing, where Plaintiff and

counsel appeared, and she and her sister testified. (Tr. 1086-1135).  By written decision dated

January 7, 2011, the ALJ found that during the relevant time period, Plaintiff had an impairment

or combination of impairments that were severe - fibromyalgia, degenerative disc disease, carpal

tunnel syndrome, osteoarthritis, fibromyalgia, sleep apnea, and asthma. (Tr. 967). However, after

reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not

meet or equal the level of severity of any impairment listed in the Listing of Impairments found

in Appendix I, Subpart P, Regulation No. 4. (Tr. 968). The ALJ found Plaintiff retained the

residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and
> 416.967(a) except that she can only occasionally climb ramps and stairs,
> balance, stoop, kneel, crouch, and crawl. She cannot climb ladders, ropes,
> or scaffolds. The claimant can frequently handle and finger, but only
> occasionally perform rapid and repetitive flexion and extension of the
> wrists bilaterally. She can occasionally reach overhead. She must avoid
> concentrated exposure to dusts, fumes, gases, odors, and poor ventilation.

(Tr. 969).   With the help of the vocational expert (VE), the ALJ determined that during the

relevant time period, Plaintiff could perform such jobs as hospital admitting clerk, insurance

clerk, and customer complaint clerk. (Tr. 975).

-2-

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

The Court has reviewed the entire 1,135 page transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.   Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F. 3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F. 3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F. 3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§423(d)(1)(A),

-3-

1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§423(d)(3), 1382(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant had engaged in substantial gainful activity since filing her claim; (2) whether the claimant had a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) met or equaled an impairment in the listings; (4) whether the impairment(s) prevented the claimant from doing past relevant work; and (5) whether the claimant was able to perform other work in the national economy given her age, education, and experience. See 20 C.F.R. §416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity (RFC). See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §416.920.

## III.   Discussion:

Plaintiff raises the following issues on appeal: 1) The ALJ committed reversible error when he omitted significant opinions from several doctors about Plaintiff's limitations; 2) The ALJ committed reversible error when he failed to inquire in his hypothetical the erosion of the sedentary job base, and failed to use the function by function test; and 3) The ALJ committed reversible error when he omitted symptoms and resulting functional deficiency from a diagnosed disease into the hypothetical. (Doc. 12).

-4-

**A.    RFC Determination:**

The Court will treat Plaintiff's first argument as a challenge to the ALJ's RFC determination.  RFC is the most a person can do despite that person's limitations.  20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

Plaintiff refers to the opinions of Dr. Mark Brenner, Dr. Thomas Dykman and Dr. Christian G. Blankers, arguing that the ALJ failed to give them proper weight.  The Court disagrees. In his decision, the ALJ addressed Dr. Brenner's June 19, 2003 Attending Physician's Supplementary Statement, wherein he checked boxes that indicated that Plaintiff was not presently able to function in light or modified duty work, and could not return to her occupation. (Tr. 584).  The ALJ addressed this opinion as follows:

> The undersigned notes that Dr. Benner's statement is qualified in that the claimant could not work "at that time." No subsequent opinions form Dr. Benner have been provided to discuss the claimant's situation since then.

-5-

> Furthermore, whether someone is "disabled" or cannot work is a determination reserved solely to the Commissioner, and no special significance is given to the source of an opinion on issues reserved to the Commissioner (20 CFR § 404.1527(e) and (e)(1-2). In any event, the undersigned has taken those limitations into account by excluding work with more than occasional fingering and handling and by limiting the claimant to sedentary work.

(Tr. 975).  The Court agrees with the ALJ's analysis as well as the weight he gave to Dr. Brenner's opinion.

Dr. Thomas R. Dykman was Plaintiff's treating physician between November of 1998 through January 14, 2002, a time period prior to the Plaintiff's onset date. In the most recent record from Dr. Dykman, which was a letter dated January 14, 2002, addressed to the Disability Determination for Social Security, Dr. Dykman stated that Plaintiff was under his care for chondromalacia patella and fibromyalgia and that she continued to have pain along her neck, upper back, lower back, elbows, hands and knees. He further stated that Plaintiff "will have difficulty doing work activities such as sit, standing, walk, carry, handle objects or travel due to pain. Her condition will last more than 1 years and should be considered permanent. Please consult my clinic notes for further information." (Tr. 138).  Dr. Dykman is the physician who diagnosed Plaintiff with fibromyalgia, and it appears the ALJ considered his opinion, as he found fibromyalgia constituted a severe impairment.

In a letter dated July 3, 2006, Plaintiff's treating physician, Dr. Chris Blankers, opined that although he did not make disability determinations, he did believe that Plaintiff's history of fibromyalgia, spondylitis, and osteoarthritis of the knees, hands and neck impaired Plaintiff's ability to stand on her feet for any significant periods of time.  (Tr. 808). Clearly, the ALJ gave weight to Dr. Blankers' opinion, as he limited Plaintiff to sedentary work.

-6-

Based upon the foregoing, as well as those reasons given in Defendant's well-stated brief, the Court finds that there is substantial evidence to support the ALJ's RFC determination and the weight he gave to the various medical opinions.

**B.   The ALJ's Hypothetical Question to the VE and Plaintiff's Fibromyalgia:**

The Court will address Plaintiff's second and third arguments together, as they involve the content of the hypothetical questions posed to the VE.

Plaintiff argues that the ALJ did not ask in his hypothetical posed to the VE about distraction from pain, the limitations on Plaintiff's ability to use her neck, and did not properly lay out Plaintiff's ability to use her hands and wrists. Plaintiff also argues that the ALJ ignored the diagnosis of Fibromyalgia and the resulting functional deficiencies from that disease.

In his opinion, the ALJ determined that Plaintiff's medical records were not attended with the specific clinical signs and diagnostic findings pertaining to fibromyalgia required to meet or equal the requirements set forth in 20 CFR Part 404, Subpart P, Appendix I, Listing 1.00B.  He stated:

> The medical evidence does not provide a longitudinal record of physical findings determined on the basis of objective observation demonstrating conditions arising from fibromyalgia that prevent the claimant from sustaining a reasonable walking pace over a sufficient distance or using the upper extremities effectively to be able to carry out activities of daily living.

(Tr. 968).  Later in his opinion, the ALJ noted Plaintiff's fibromyalgia with muscle fatigue and excessive daytime sleepiness, and reported that as for the pain, Plaintiff took over-the-counter medication because she did not have money to buy prescription pain medications. (Tr. 972). The ALJ also noted Plaintiff's statement that having fibromyalgia was like having the flu. (Tr. 972).

As mentioned by the ALJ, Plaintiff testified at the hearing that the most trouble she had was with her hands and arms. (Tr. 972, 1110).

The ALJ addressed Plaintiff's carpal tunnel syndrome in detail, noting that in 2002, Dr. Morse reported he could not find any nerve conduction abnormalities, and that in 2003, Dr. Ryan L. Kaplan, a neurologist, performed electrodiagnostic studies of both upper extremities that did not show any evidence of carpal tunnel syndrome or any other upper extremity mononeuropathy. (Tr. 970). In 2004, Dr. David L. Brown performed nerve conduction studies on Plaintiff's bilateral upper extremities which showed bilateral median neuropathies. (Tr. 971). Plaintiff had surgery performed on both hands, and subsequently was reported as having improved range of motion. (Tr. 971).

In his hypothetical to the VE, the ALJ stated:

> First hypothetical, please assume an individual born August of 1958 with at least a high school education, who could look to carry 10 pounds occasionally, less than 10 pounds frequently; the individual can sit for about 6 hours during an 8-hour work day and he can stand or walk for at least 2 hours during an 8-hour workday; the individual can occasionally climb ramps, stairs, balance, stoop, knee, crouch and crawl. The individual cannot climb ladders, ropes or scaffolds. The individual can frequently handle and finger. The individual can occasionally reach over head. The individual should avoid concentrated exposure to dust, fumes, gasses, odors and poor ventilation. Is Plaintiff's past relevant work precluded?
> A: Yes.

(Tr. 1129). When the VE was asked whether there were other jobs Plaintiff could perform, the VE responded with the jobs of hospital admitting clerk, insurance clerk, and customer complaint clerk. (Tr. 1130).

The Court believes the hypothetical the ALJ proposed to the VE fully set forth the

-8-

impairments which the ALJ accepted as true and which were supported by the record as a whole. See Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). The Court further believes that the VE's responses to this hypothetical question constitute substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing his past relevant work and work as hospital admitting clerk, insurance clerk, and customer complaint clerk, during the relevant time period. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from VE based on properly phrased hypothetical question constitutes substantial evidence).

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 27th day of February, 2014.

/s/ *Erin L. Setser*
_____
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

-9-